R . Ask

| | | |
|---|---|---|
| EDWARD PALMORE, | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACTION NO.: CV510-040 |
| | : | |
| DONALD R. JACKSON, Warden; | : | |
| Mrs. JOHNSON, Building Officer; | : | |
| Lt. TUCKER; Deputy Warden | : | |
| KNOWLES; CHAMBERS, Investigator; | : | |
| and KEITH WILSON, | : | |
| | : | |
| Defendants. | : | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Coffee Correctional Facility in Nicholls, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was housed at D. Ray James Prison in Folkston, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

AO 72A
(Rev. 8/82)

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts that he was housed in a cell at D. Ray James Prison with Defendant Keith Wilson, who used a cell phone in their prison cell at all times during the day. Plaintiff contends that he informed Defendant Tucker, a building officer, that Defendant Wilson intimidated him. Plaintiff asserts that he tried to get moved to another cell on several occasions without success. Plaintiff also contends that Defendants Knowles and Chambers came to his cell two (2) days after he spoke with Defendant Tucker to search the cell and to conduct a strip search. Plaintiff states that he asked Defendants Knowles and Chambers about moving, but these two officers only told him to inform them if he had any problems with Defendant Wilson. Plaintiff avers that soon

AO 72A
(Rev. 8/82)

after Defendants Knowles and Chambers conducted the search, Defendant Wilson assaulted him.

Plaintiff names as Defendant Donald Jackson, the Warden. However, Plaintiff makes no factual allegations in his Complaint against the named Defendant. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). As Plaintiff has failed to make any factual allegations against Defendant Jackson, Defendant Jackson should be dismissed as a named Defendant.

In addition, it appears Plaintiff seeks to hold Defendant Jackson liable based solely on his position as the Warden at D. Ray James Prison. In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. As Plaintiff has failed to make this basic showing, his claims against Defendant Jackson should be dismissed.

Finally, a plaintiff states a cognizable claim for relief under 42 U.S.C. § 1983 if his complaint alleges facts showing that his rights as secured by the Constitution and the laws of the United States were violated, and that the violation was committed by a person acting under color of state law. Touchston v. McDermott, 234 F.3d 1133, 1137 (11th Cir. 2000). As Plaintiff has not shown that Defendant Wilson, a fellow inmate, was a state actor, his claims against Defendant Wilson should be dismissed.

Plaintiff's cognizable claims are addressed in an Order of even date.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against Defendants Jackson and Wilson be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 24th day of June, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)