IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

EDWARD PALMORE,

    Plaintiff,

vs.

TINA TUCKER and
STEVEN CHAMBLESS,

    Defendants.

CIVIL ACTION NO.: CV510-040

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Edward Palmore ("Plaintiff"), who is currently incarcerated at the Coffee Correctional Facility in Nicholls, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was housed at D. Ray James Prison in Folkston, Georgia. Plaintiff filed a Motion for Summary Judgment. Defendants Steven Chambless and Tina Tucker ("Defendants") filed a Response and a Motion for Summary Judgment, and Plaintiff filed a Response. For the reasons which follow, Plaintiff's Motion should be **DENIED** and Defendants' Motion should be **GRANTED**. Plaintiff's Motion to Strike Defendants' Response and Motion to Strike Defendants' Second Motion for Summary Judgment are **DENIED**.

## STATEMENT OF THE CASE

Plaintiff asserts that he was housed in a cell at D. Ray James Prison with Keith Wilson, who used a cell phone in their prison cell at all times during the day. Plaintiff contends that he informed Defendant Tucker, a building officer, that Wilson intimidated

him. Plaintiff asserts that he tried to get moved to another cell on several occasions without success. Plaintiff also contends that Deputy Warden Knowles and Defendant Chambless came to his cell two (2) days after he spoke with Defendant Tucker to search the cell and to conduct a strip search. Plaintiff states that he asked Knowles and Defendant Chambless about moving, but these two officers only told him to inform them if he had any problems with Wilson. Plaintiff avers that soon after this search occurred, Wilson assaulted him. Plaintiff's Complaint was served on Defendants based on his claim that Defendants failed to protect him from a known threat to his safety, in violation of the Eighth Amendment. (Doc. No. 16).

Defendants contend that Plaintiff failed to exhaust his administrative remedies prior to the filing of his Complaint, and, accordingly, Plaintiff's claims against them should be dismissed. In the alternative, Defendants contend that Plaintiff fails to state an Eighth Amendment claim against them.

## STANDARD OF REVIEW

The determination of whether an inmate exhausted his available administrative remedies prior to filing a cause of action in federal court is a matter of abatement and should be raised in a motion to dismiss. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). "Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Id. (internal punctuation and citation omitted). A judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id.

## DISCUSSION AND CITATION TO AUTHORITY

Defendants assert that Plaintiff filed Informal Grievance Number 25590 on August 21, 2009, and complained that Defendant Tucker gave information to his cellmate. Defendants aver that, after this informal grievance was rejected, Plaintiff filed Informal Grievance Number 27535 on September 1, 2009, and Plaintiff complained about the cell inspection which occurred on August 21, 2009. This informal grievance was rejected. Rather than file a formal grievance, Defendants aver, Plaintiff filed Informal Grievance Number 28424, this time detailing the alleged inadequate medical treatment for the injuries he received on August 21, 2009. Defendants allege that Plaintiff filed a formal grievance after the rejection of Informal Grievance Number 28424 and that Plaintiff mentioned that his cellmate attacked him after Defendant Tucker allegedly gave information to his cellmate. As relief in his formal grievance, Plaintiff requested additional testing and treatment. Plaintiff filed an appeal after his formal grievance was denied, and Defendants assert that Plaintiff's appeal concerned the inadequacy of his medical treatment. (Doc. No. 123, pp. 3-4).

Where Congress explicitly mandates, prisoners seeking relief for alleged constitutional violations must first exhaust inmate grievance procedures before filing suit in federal court. See Porter v. Nussle, 534 U.S. 516, 524 (2002). 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523. The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 541

AO 72A
(Rev. 8/82)

U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007).

In Turner v. Burnside, 541 F.3d 1097 (11th Cir. 2008), the Eleventh Circuit clarified how the lower courts are to examine the issue of exhaustion of administrative remedies. First, the court is to take the plaintiff's version of the facts regarding exhaustion as true. Id. at 1082. If, even under the plaintiff's version of the facts, plaintiff has not exhausted, the complaint must be dismissed. Id. However, if the parties' conflicting facts leave a dispute as to whether plaintiff has exhausted, the court need not accept all of plaintiff's facts as true. Id. Rather, "the court then proceeds to make specific findings in order to resolve the disputed factual issues . . . ." Id. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083. The Eleventh Circuit has held that a district court may consider materials outside of the pleadings and resolve factual disputes regarding exhaustion in conjunction with a Rule 12(b)(6) motion to dismiss so long as the factual disputes do not decide the merits of the case. See Bryant, 530 F.3d at 1376-77.

Standard Operating Procedure ("SOP") IIB05-0001 sets forth the three (3) steps an inmate must complete under the Georgia Department of Corrections' grievance procedure.[1] First, an inmate must file an informal grievance "no later than 10 calendar

---

[1] D. Ray James Correctional Facility now houses federal detainees, but, at the time of the events giving rise to Plaintiff's Complaint, this facility housed state inmates.

4

days from the date" the inmate was aware "of the facts giving rise to the grievance." (Doc. No. 122-3, p. 9). An inmate is to be given a written response to his informal grievance within ten (10) calendar days of the counselor's receipt of the inmate's informal grievance. (Id. at p. 10). If the inmate is dissatisfied with the resolution of his informal grievance, he is to file a formal grievance within five (5) days of his receipt of the written resolution of his informal grievance. (Id.). Once an inmate receives the Warden's response to his formal grievance and is dissatisfied with that response, he has five (5) business days to file an appeal with the Commissioner. (Id. at p. 12). The Commissioner's Office has 90 calendar days after receipt of the appeal to respond. (Id. at p. 13).

Defendants submitted a printout of Plaintiff's grievance history, as well as copies of the informal and formal grievances which are relevant to the present Motion.[2] These documents reveal that Plaintiff filed Informal Grievance Number 25590 on August 21, 2009, and requested that Defendant Tucker keep confidential the information he provided that his cellmate was using a cell phone. Plaintiff asserted that, if that information were divulged, he would be placed in a "precarious situation." (Doc. No. 71-2, p. 21). Plaintiff's informal grievance was rejected[3] on August 25, 2009. (Id.). There is no evidence that Plaintiff filed a formal grievance. Plaintiff then filed Informal Grievance Number 27535 on September 1, 2009, and Plaintiff complained about staff

---

[2] Defendants filed a Motion for Summary Judgment on a previous occasion, which the Court denied, in part, based on the failure of counsel to submit a copy of the applicable SOP. (Doc. Nos. 78, 82). Defendants have corrected this oversight in the present Motion and cite in the current Motion to documents used in support of their previously-filed Motion.

[3] Plaintiff's informal grievance was rejected for two (2) reasons: housing assignments are non-grievable, and he grieved two (2) issues. The reasons for this rejection are of no moment, as Plaintiff did not complain about being assaulted by his cell mate or about Defendants failing to protect him from a known threat to his safety.

negligence. This informal grievance was rejected on September 16, 2009. (Id. at pp. 2, 22). Plaintiff did not file a formal grievance. Finally, Plaintiff filed Informal Grievance Number 28424 on September 22, 2009. In this informal grievance, Plaintiff contended that he was assaulted and the medical treatment he received as a result was not effective treatment for his pain and injuries. (Id. at p. 31). After this informal grievance was denied, Plaintiff filed Formal Grievance Number 216726, and he once again complained about the inadequacy of the medical treatment he received after he was assaulted, and he requested medical testing and treatment. Plaintiff mentioned in passing that the assault occurred after Defendant Tucker revealed information he had given her in confidence, but he failed to mention this in his informal grievance.[4] (Id. at 28). Plaintiff then filed an appeal after his formal grievance was denied. The Georgia Department of Corrections determined that Plaintiff's medical needs were handled appropriately and denied his appeal. (Id. at pp. 23-24, 27).

Based on the evidence before the Court, it is evident that Plaintiff did not "properly" exhaust his administrative remedies before he filed his Complaint based on his contentions that Defendants knew of a risk to Plaintiff's safety and failed to protect Plaintiff from this risk.[5]

It is unnecessary to address the alternative contention set forth in Defendants' Motion.

---

[4] To the extent the Warden's Office would have treated Plaintiff's mention of Defendant Tucker's alleged action as a basis for his formal grievance, Plaintiff's formal grievance likely would have been rejected at the Warden's level, as Plaintiff did not complain about Defendant Tucker's actions at the informal grievance level. (Doc. No. 122-3, p. 10, ¶ C4) ("Any grievance which . . . addresses an issue not identified on the Informal Grievance will be rejected.").

[5] Even though D. Ray James Prison is (and was) a privately owned prison (i.e., the Georgia Department of Corrections did not operate the Prison), the statewide grievance procedure was applicable to the inmates housed at this penal institution. (Doc. No. 122-3, p. 5, § II).

6

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Motion for Summary Judgment be **DENIED**. It is also my **RECOMMENDATION** that Defendants' Motion for Summary Judgment be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**, without prejudice, due to his failure to exhaust his available administrative remedies prior to the filing of this cause of action.

**SO ORDERED**, this 2nd day of February, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)